```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

EUGENE FLEMON,                  )
            Plaintiff,          )
                                )
       v.                       )   C.A. No. 03-12490-MLW
                                )
THOMAS REILLY, et al.,          )
       Defendants.              )
```

## MEMORANDUM AND ORDER

For the reasons stated below, (1) the clerk shall enter on the docket for this action plaintiff's address at Old Colony Correctional Center; (2) plaintiff's motion for service by certified mail is denied; (3) plaintiff's Application to Proceed Without Prepayment of Fees is denied without prejudice; and (4) if plaintiff files a new Application, he is directed to also demonstrate good cause why this action should not be dismissed for the reasons stated below.

## BACKGROUND

On December 9, 2003, plaintiff Eugene Flemon submitted for filing his one-page complaint accompanied by an Application to Proceed Without Prepayment of Filing Fee ("Application") that indicated he was incarcerated. See Docket. The complaint names three prosecutors as defendants and apparently seeks to challenge plaintiff's 1994 criminal conviction. See Complaint, Docket No. 3. Plaintiff subsequently filed two incomplete Applications indicating that

he had been released from prison. See Docket Nos. 2, 4.

On January 15, 2004, the Court received from Eugene Flemon an application to proceed without prepayment of fees, a motion for service by certified mail and document concerning plaintiff's efforts to obtain an affidavit of indigency from the prison law library. See Docket Nos. 6-8. These documents did not list any case number and the clerk opened these filings as a new action, Civil Action No. 04-10114-GAO. Because it appeared plaintiff intended to file these documents in the instant action, the documents were subsequently filed in the instant action. See 5/24/04 Memorandum and Order, C.A. No. 04-10114-GAO.

By Order dated February 20, 2004, plaintiff was granted thirty-five (35) days to file a new Application. At that time, the clerk was directed to correct the docket to list plaintiff's address in Mattapan, Massachusetts. However, plaintiff's most recent pleadings indicate that he is incarcerated at the Old Colony Correctional Center in Bridgewater, Massachusetts. The clerk will be directed to correct the docket by entering on the docket for this action plaintiff's address at the Old Colony Correctional Center in Bridgewater, Massachusetts.

DISCUSSION

I.   Plaintiff Must Either Pay the Filing

<u>Fee or Submit a Certified Prison Account Statement</u>

A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed <u>in forma pauperis</u> with a certified prison account statement. <u>See</u> 28 U.S.C. § 1914 ($150.00 filing fee); § 1915 (proceedings <u>in forma pauperis</u>).

Plaintiff filed an Application to Proceed Without Prepayment of Fees, but did not submit a certified prison account statement for the 6-month period immediately preceding the complaint as required by Section 1915. <u>See</u> 28 U.S.C. § 1915(a)(1). Although prisoner litigants may file applications for fee waiver, under Section 1915, they are only excused from having to pay the entire filing fee up-front and the Court must assess an initial partial filing fee. <u>Id.</u> § 1915(b)(1).[1] The Court cannot assess an initial partial filing fee without plaintiff's certified prison account statement. Thus, plaintiff's application will be denied without prejudice to its re-filing with a certified prison account statement. If plaintiff submits the filing fee or a new application with a certified prison account statement, he is also directed to

---

[1]After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

demonstrate good cause why this action should not be dismissed. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

    II.   Plaintiff's Complaint is Subject to Screening

Because plaintiff is a prisoner, he also is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings in forma pauperis); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an

indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

If plaintiff submits a new account statement, the Court will screen plaintiff's complaint on the merits pursuant to its authority under these provisions. Even construing plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff's action is subject to dismissal for the reasons stated below.

III.    Plaintiff's Complaint is Subject to Dismissal

To the extent plaintiff asserts a civil rights claim against three prosecutors, he cannot do so pursuant to 42 U.S.C. § 1983. Plaintiff's claims against defendants Reilly, Brennan and Flahety are barred because prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or

any other conduct "intimately associated with the judicial phase of the criminal process."  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).
Accordingly, plaintiff's claims against these defendants are subject to dismissal.

ORDER

Based upon the foregoing, it is hereby

ORDERED, the Clerk shall enter on the docket plaintiff's address at Old Colony Correctional Center, One Administration Road, Bridgewater, MA  02324; and it is further

ORDERED, plaintiff's Motion for Service by Certified Mail (Docket No. 8) is denied; and it is further

ORDERED, plaintiff's Application to Proceed Without Prepayment of Fees (docket No. 6) is denied without prejudice; and it is further

ORDERED, if plaintiff wishes to proceed with this action, he shall, within forty-two days of the date of this Order, (1) file a new Application accompanied by his prison account statement and (2) demonstrate good cause why this action should not be dismissed for the reasons stated above.

The Clerk is directed to send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.
SO ORDERED.

Dated at Boston, Massachusetts, this <u>20th</u> day of <u>August</u>, 2004.

                                        <u>/s/ Mark L. Wolf</u>
                                        MARK L. WOLF
                                        UNITED STATES DISTRICT JUDGE